NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Acting Deputy Chief, Organized Crime
 Drug Enforcement Task Force Section
MAX B. SHINER (Cal. Bar No. 187125)
Assistant United States Attorney
Violent & Organized Crime Section
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5339/3308
     Facsimile: 213-894-0142
     E-mail: shawn.nelson@usdoj.gov
             max.shiner@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: A BLACK ZTE CELLULAR PHONE, CURRENTLY IN THE CUSTODY OF THE LA VERNE POLICE DEPARTMENT, SEIZED ON MAY 24, 2018 FROM KELLY DESHANNON | No. 2:18-MJ-02369<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR FIRST EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF MAX B. SHINER<br><br>**(UNDER SEAL)** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Max B. Shiner, hereby applies for an order extending by 180 days the time within which the government may retain and search digital devices seized pursuant to a federal search warrant.

///

///

///

This application is based on the attached declaration of Max B. Shiner and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: December 26, 2018                Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                         /s/
                                        _____
                                        MAX B. SHINER
                                        Assistant United States Attorney

                                        Attorneys for Applicant
                                        UNITED STATES OF AMERICA

**DECLARATION OF MAX B. SHINER**

I, Max B. Shiner, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 180 days, the following digital device seized pursuant to the warrant described below (the "SUBJECT DIGITAL DEVICE"):

   a. A black ZTE cellular phone, seized from KELLY DESHANNON on May 24, 2018.

3. On September 5, 2018, Special Agent Minh D. Tran of the Federal Bureau of Investigation ("FBI") obtained a federal search warrant issued by the Honorable Paul L. Abrams, United States Magistrate Judge ("the warrant"), authorizing the search of the digital device, that is, the SUBJECT DIGITAL DEVICE listed above in paragraph 2 and further described in Attachment A of the warrant, that had been seized from the possession of KELLY DESHANNON at the time of her arrest on May 24, 2018.

4. The warrant, which is incorporated herein by reference, authorized the search of the SUBJECT DIGITAL DEVICE and provided for its retention by law enforcement for a period of 120 days to allow the government to search such devices for evidence of violations of 21 U.S.C. § 846 (conspiracy to distribute controlled substances) and 18 U.S.C. § 1962(d) (racketeering conspiracy).

5.   This is the first request for an extension.  The current deadline by which the government must complete its review of the SUBJECT DIGITAL DEVICE is January 3, 2019.

6.   Based on information provided to me by agents with respect to the SUBJECT DIGITAL DEVICE, the FBI brought this device to the Orange County Regional Computer Forensics Laboratory ("OCRCFL") on or about September 7, 2018, in order to unlock or decrypt this passcode-protected device.  The agents were unable to unlock the device.  After unsuccessfully attempting to unlock the device, the agents then spoke to technically trained personnel assigned to the OCRCFL.  These technically trained personnel stated that they would not able to unlock or decrypt the device based on the make and model of the cellular phone.  The technically trained personnel stated that a request could be submitted to the Operational Technology Division ("OTD") for other possible means to unlock the device.

7.   On or about September 10, 2018, the FBI then contacted the OTD, a laboratory located in Quantico, Virginia.  OTD advised that they did not currently have a method or tool that would be able to unlock or decrypt the device.

8.   On or about September 27, 2018, the FBI provided the SUBJECT DIGITAL DEVICE to a third party with expertise in unlocking and decryption of electronic devices.  To date, the third party expert has not unlocked the SUBJECT DIGITIAL DEVICE, but believes that they possess the ability to unlock the phone.

9.   For the following reasons, the government is requesting an additional 180 days to complete its review of the SUBJECT DIGITAL DEVICE:

2

        a.   The inability of the FBI to unlock and decrypt the device has prevented agents from being able to review the contents of the SUBJECT DIGITAL DEVICE pursuant to the warrant.  The efforts to unlock and decrypt the device are complicated, time consuming, and limited to only a few individuals who possess the knowledge and ability to accomplish the task.  These individuals may be required to physically manipulate the SUBJECT DIGITAL DEVICE and/or create specialized software to assist in the unlocking or decryption of the device.  Additionally, these individuals have a large backlog of devices that are being analyzed.

        b.   A search of the contents of the black ZTE cellular phone has not commenced because efforts to decrypt the device are ongoing, and more time is needed to successfully access the data on the device.  For this reason, the government is requesting an extension of 180 days in order to complete the search under the procedures set forth in the warrant.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 26, 2018

                                        */s/ Max B. Shiner*
                                        MAX B. SHINER