NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Deputy Chief, International Narcotics,
 Money Laundering, & Racketeering Section
MAX B. SHINER (Cal. Bar No. 187125)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5339/3308
     Facsimile: 213-894-0142
     E-mail: shawn.nelson@usdoj.gov
             max.shiner@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: A BLACK ZTE CELLULAR PHONE, SEIZED ON MAY 24, 2018 FROM KELLY DESHANNON | No. 2:18-MJ-02369<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR SECOND EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF MAX B. SHINER |

The United States of America, by and through its counsel of record, Assistant United States Attorney Max B. Shiner, hereby applies for an order extending by 180 days the time within which the government may retain and continue to attempt to search encrypted digital devices and data, seized pursuant to a federal search warrant.

///

///

This application is based on the attached declaration of Max B. Shiner and the files and records of this case, including the underlying search warrant and affidavit in support thereof, and the previously filed application for extension.

Dated: June 28, 2019                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


    /s/
MAX B. SHINER
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF MAX B. SHINER**

I, Max B. Shiner, hereby declare and state:

1.  I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

1.  This declaration is made in support of a request for an order permitting the government to retain and search the following digital devices and data, seized pursuant to a previously authorized search warrant, which are encrypted or which contain encrypted files:

   a. A black ZTE cellular phone, seized from KELLY DESHANNON on May 24, 2018 (the "SUBJECT DIGITAL DEVICE").

2.  On September 5, 2018, Special Agent Minh D. Tran of the Federal Bureau of Investigation ("FBI") obtained a federal search warrant issued by the Honorable Paul L. Abrams, United States Magistrate Judge ("the warrant"), authorizing the search of the SUBJECT DIGITAL DEVICE, that had been seized from the possession of KELLY DESHANNON at the time of her arrest on May 24, 2018.

3.  The warrant, which is incorporated herein by reference, authorized the search of the SUBJECT DIGITAL DEVICE and provided for its retention by law enforcement for a period of 120 days to allow the government to search such devices for evidence of violations of 21 U.S.C. § 846 (conspiracy to distribute controlled substances) and 18 U.S.C. § 1962(d) (racketeering conspiracy).

4.  On December 26, 2018, the government applied for and received an order extending by 180 days the deadline by which the government must complete the review of the SUBJECT DIGITAL DEVICE.

///

5. This is the second request for an extension. The current deadline by which the government must complete its review of the SUBJECT DIGITAL DEVICE is July 2, 2019.

6. Based on information provided to me by FBI agents with respect to the SUBJECT DIGITAL DEVICE, I learned the following:

   a. The FBI brought the SUBJECT DIGITAL DEVICE to the Orange County Regional Computer Forensics Laboratory ("OCRCFL") on or about September 7, 2018, in order to unlock or decrypt this passcode-protected device. The agents were unable to unlock the device. After unsuccessfully attempting to unlock the device, the agents then spoke to technically trained personnel assigned to the OCRCFL. These technically trained personnel stated that they would not able to unlock or decrypt the device based on the make and model of the cellular phone. The technically trained personnel stated that a request could be submitted to the Operational Technology Division ("OTD") for other possible means to unlock the device.

   b. On or about September 10, 2018, the FBI then contacted the OTD, a laboratory located in Quantico, Virginia. OTD advised that they did not currently have a method or tool that would be able to unlock or decrypt the device.

   c. On or about September 27, 2018, the FBI provided the SUBJECT DIGITAL DEVICE to a third party with expertise in unlocking and decryption of electronic devices, and who, at the time, believed they possessed the capability to unlock such a phone. To date, the third party expert has not been able to unlock the SUBJECT DIGITAL DEVICE.

   d. The FBI has learned that the SUBJECT DIGITAL DEVICE has two levels of security requiring user input of a password or PIN

2

in order to unlock the encrypted device. At this time the FBI and the third party assisting in the effort to decrypt have not been able to decrypt the device using methods available to them.

7. Although investigators cannot currently bypass the encryption on the devices/files described above, I know that new methods for bypassing encryption and for decrypting files and devices are constantly being developed. In addition, I know that it is not uncommon for passwords to be discovered or learned as an investigation continues, for example, when witnesses cooperate, when additional locations are searched, or during ongoing review of seized electronic data. Therefore, I seek permission for the government to retain the devices/data described above, and to continue to attempt to access them, in the event that such methods or information are developed or discovered and the devices/data can be unlocked or otherwise accessed.

8. I believe the SUBJECT DIGITAL DEVICE is likely to contain, or to be, evidence, fruits, or instrumentalities of the Subject Offenses for the reasons stated in the affidavit in support of the underlying warrant in this matter. Specifically, based on conversations with Special Agents, I am aware that the SUBJECT DIGITAL DEVICE was found in the vehicle in which DESHANNON was located when she was detained and arrested, and was found on the seat where DESHANNON was sitting. During a search of the vehicle, the SUBJECT DIGITAL DEVICE displayed a number of incoming messages from different contacts indicating that the user of the SUBJECT DIGITAL DEVICE was engaged in the sale of controlled substances (as described in the affidavit in support of the search warrant in paragraphs 11 and 14).

2. Because there remains probable cause to believe that the SUBJECT DIGITAL DEVICE contains evidence, fruits, or instrumentalities of the offenses described in the underlying warrant, the government seeks to retain the devices identified in this application for a further period of 180 days past the end of the currently authorized search period, in order to continue to attempt to bypass the decryption and search the devices/files. During this period, the government may continue to attempt to search the devices if new technology is obtained or if potential passwords for the devices or files are located during the investigation.

3. If the government continues to be unable to access the devices/files for a period of 90 days, it will file a status report to the court, stating that it has not been able to access the devices/files. If the government is able to access the devices or files, it will promptly file a report so notifying the court with the date(s) of access and will follow the search protocols set forth in the original warrant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 28, 2019

                                          */s/ Max B. Shiner*
                                          MAX B. SHINER

4